UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

PORTLAND CELLULAR PARTNERSHIP )
d/b/a VERIZON WIRELESS, )
 )
      Plaintiff, )
 )
v. ) Civil No. 2:14-cv-00274-JDL
 )
INHABITANTS OF THE TOWN OF CAPE )
ELIZABETH, )
 )
      Defendants. )

**ORDER ON DEFENDANT'S MOTION TO DISMISS COUNT II, OR FOR ABSTENTION**

Portland Cellular Partnership d/b/a Verizon Wireless ("Verizon"), challenges a decision of the Town of Cape Elizabeth's Zoning Board of Appeals ("the Board") that upheld a decision by the local code enforcement officer ("CEO") denying Verizon a permit to install a personal wireless telecommunication facility (the "Facility") on an existing water tower. ECF No. 1 at 1. The Town has moved to dismiss Count II of Verizon's Complaint, which requests a declaratory judgment determining that the Facility is an installation on an "Alternative Tower Structure" as that term is defined in Cape Elizabeth's zoning ordinance and, therefore, that the Facility is a permitted use. *Id.* at 10. The Town argues that dismissal is required because the exclusive method for Verizon to obtain judicial review of the Board's decision was by an appeal pursuant to Maine Rule of Civil Procedure 80B ("Rule 80B") and 30-A M.R.S. § 2691(3)(G), and that because the complaint does not invoke Rule 80B, Verizon has failed to preserve its right to a Rule 80B review. ECF No. 9 at 1, 2. After careful consideration, I deny the motion.

## I. BACKGROUND

As alleged in its Complaint, Verizon sought a permit to install the Facility on an existing water tower on Avon Road in Cape Elizabeth. ECF No. 1 at 3. In March 2014, the CEO denied the permit request, concluding that that the water tower was not an existing "base station" for purposes of § 6409(a) of the Spectrum Act, codified at 47 U.S.C.A § 1455(a),[1] which provides that "a State or local government may not deny, and shall approve, any eligible facilities request for a modification of an existing wireless tower or base station that does not substantially change the physical dimensions of such tower or base station." *Id*. at 5. The CEO further determined that the permit should not be granted for additional reasons, if built, the facility would substantially change the physical dimensions of the current facility. *Id*. at 7.

Verizon appealed from the denial to the Zoning Board of Appeals which affirmed the CEO's decision on May 27, 2014, and, thereafter, denied Verizon's motion for reconsideration on June 24, 2014. *Id*. at 8. Verizon filed its three-count Complaint on July 9, 2014, which was 43 days from the date of the Board's initial decision and 15 days from the Board's denial of the motion for reconsideration. ECF No. 11 at 2, n.1.

Count I of the Complaint seeks a declaratory judgment declaring that Verizon has filed an "eligible facilities request" under the Spectrum Act and that the Town violated § 1455(a) when it denied Verizon's permit request. ECF No. 1 at 9. Verizon contends that the Court has federal question jurisdiction over Count I as a claim

---

[1] 47 U.S.C.A § 1455(a) (2014).

arising under federal law. ECF No. 11 at 2. Not surprisingly, the Town does not challenge this basis for federal jurisdiction and its motion to dismiss does not request the dismissal of Count I.

Count II of Verizon's Complaint seeks a declaratory judgment declaring that the proposed facility qualifies as an "Alternative Tower Structure" as defined by the Town's Zoning Ordinance and, therefore, the facility is a permitted use in the zoning district in which it is sited. ECF No. 1 at 10. Verizon contends that the Court has supplemental federal jurisdiction over Count II pursuant to 28 U.S.C.A. § 1367 (2014), because it arises from the same facts as Count I and concerns the same essential claim. *Id.* at 2.

Count III of the Complaint requests an injunction directing the Town to issue the permit, but it does not assert a basis for relief separate from Counts I and II. *Id.* at 10.

## II. LEGAL ANALYSIS

The Town argues that Count II of the Complaint should be dismissed because Verizon did not plead Count II as a Rule 80B appeal and the exclusive method for Verizon to obtain judicial review of the Board's application of the Town's zoning ordinance is by seeking appellate review pursuant to that rule. ECF No. 9 at 1. As a separate basis for dismissal, the Town contends that the Court should abstain from considering Count II under the abstention doctrine first recognized in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). *Id.*

## A. Verizon's Failure to Request Relief Pursuant to M.R. Civ. P. 80B

The Town contends that because Verizon did not invoke Rule 80B in Count II of its complaint, but requested only a declaratory judgment, Verizon failed to preserve its right to obtain judicial review by having failed to file a timely Rule 80B appeal. ECF No. 9 at 1. Rule 80B requires a party challenging a municipal administrative action to bring their challenge within 30 days of notice of the municipal action or within a time limit otherwise specified by statute. *Sold, Inc. v. Town of Gorham*, 2005 ME 24, ¶ 9, 868 A.2d 172 (citing M.R. Civ. P. 80B(b)). The Maine statute governing municipal boards of appeal specifies a time limit of 45 days from the date of the vote on the original decision. *See* 30-A M.R.S.A. § 2691(3)(G). Cape Elizabeth argues that "[s]ince the Complaint does not reflect that a Rule 80B appeal was filed within 45 days of the decision denying Verizon Wireless's appeal, [Count II] is time-barred."[2] ECF No. 9 at 4-5.

Verizon responds that it filed the Complaint on July 9, 2014, which was 43 days after the Board's initial decision on May 27, 2014. ECF No. 11 at 2, n.1. Thus, Verizon contends that it has satisfied the time limit contained in § 2691(3)(G) and Count II is not time-barred.

---

[2] The Town does not contend that the Court lacks supplemental federal jurisdiction to consider Verizon's challenge to the Board's decision, whether styled as a Rule 80B appeal or as a declaratory judgment.

4

Rule 80B of the Maine Rules of Civil Procedure is a procedural rule that governs the process for judicial review of municipal decisions in the Maine Superior Court. *See Sold, Inc.* at ¶ 9. It is the "sole means for seeking Superior Court review of a[n] action or failure or refusal to act by any governmental agency[.]" *Id*. at ¶ 13 (quotation omitted). Thus, once the period for taking a Rule 80B appeal has expired, a party cannot avoid the rule's time limit by filing a complaint seeking a declaratory judgment, which is what the plaintiff in *Sold* attempted. The Law Court explained in *Sold* that the "law does not countenance such a wholesale deviation from explicit provisions requiring timely appeals to promote finality of administrative actions." *Id*. at ¶ 11.

While Rule 80B provides the exclusive process for obtaining judicial review of municipal decisions in state court, the rule does not govern federal proceedings in which the Federal Rules of Civil Procedure apply. Accordingly, Verizon's failure to cite to Rule 80B as the basis for the relief it seeks in Count II does not justify the count's dismissal. Further, the Town does not contend that Count II is procedurally deficient under the applicable Federal Rules, nor does it challenge the Court's subject matter jurisdiction to adjudicate the claim. *See City of Chicago v. Int'l College of Surgeons,* 522 U.S. 156, 169 (1997) ("There is nothing in the text of § 1367(a) that indicates an exception to supplemental jurisdiction for claims that require on-the-record review of a state or local administrative determination.").

Accordingly, I conclude that Count II of the complaint is not deficient simply because Verizon failed to invoke a state rule of civil procedure—Rule 80B—as the

5

basis for the relief sought. In addition, because I am not persuaded by the Town's position that the claim stated in Count II is governed by Rule 80B, I also reject the Town's argument that the 45-day period for filing a Rule 80B appeal acts as a statute of limitations that bars the federal declaratory judgment claim stated in Count II. Even if Rule 80B's 45-day filing mandate is treated as a statute of limitations that must be applied in a federal action that seeks a declaratory judgment, Verizon's complaint would not be time-barred because it was filed 43-days from the date of the Board's initial decision.

**B.     Abstention Pursuant to *Burford***

Cape Elizabeth also argues that I should abstain from hearing Verizon's challenge of the Town's administrative action pursuant to the *Burford* doctrine, an abstention doctrine first articulated by the Supreme Court in *Burford v. Sun Oil Co.*, 319 U.S. 315, 333-34 (1943), and its progeny. ECF No. 9 at 5. Cape Elizabeth claims that "application of the Town's ordinance to [Verizon's] permit request involves assessment of legal and factual issues that are uniquely local." ECF No. 9 at 8. Furthermore, the Town argues that Maine has "promulgated" Rule 80B review as a unified scheme for review of local zoning board decisions, which the federal court would disrupt by deciding Verizon's claim. *Id.* at 6-8 (citing *Huffmire v. Town of Boothbay,* 35 F. Supp. 2d 122 (D.Me. 1999)). Finally, Cape Elizabeth argues that federal review of the zoning board's decision would result in the federal court acting in an appellate capacity, thus "strain[ing] the limits of this Court's statutory jurisdiction." ECF No. 9 at 8.

6

The *Burford* doctrine seeks to "prevent federal courts from bypassing a state administrative scheme and resolving issues of state law and policy that are committed in the first instance to expert administrative resolution." *Pub. Serv. Co. of New Hampshire v. Patch*, 167 F.3d 15, 24 (1st Cir. 1998) (citing *New Orleans Pub. Serv., Inc. (NOPSI) v. New Orleans*, 491 U.S. 350, 361-64 (1989). *Burford* abstention "does not apply *per se* every time there is a complex state administrative proceeding involving state public policy." *SPRINTCOM, Inc. v. Puerto Rico Regulations and Permits Admin.*, 490 F. Supp. 2d 238, 244 (D.P.R. 2007) (citing *Patch*, 167 F.3d at 24). Nor does it apply every time there is a "potential for conflict" with state regulatory law or policy. *NOPSI*, 491 U.S. at 362 (citation omitted). Rather, abstention pursuant to *Burford* is limited to "narrowly circumscribed situations where deference to a state's administrative processes for the determination of complex, policy-laden, state-law issues would serve a significant local interest and would render federal-court review inappropriate." *Fragoso v. Lopez*, 991 F.2d 878, 882 (1st Cir. 1993) (citing *NOPSI*, 491 U.S. at 359). *See also, Chico Serv. Station, Inc. v. Sol Puerto Rico Ltd.*, 633 F.3d 20, 32-33 (1st Cir. 2011).

Cape Elizabeth is correct insofar as local zoning issues clearly are matters of local importance and that Rule 80B "provides a mechanism for state court review of decisions made by administrative agencies such as the Board in this case." ECF No. 9 at 6 (quoting *Huffmire*, 35 F. Supp. 2d at 132-33). However, *Burford* abstention is not warranted simply because a state provides a forum in which claims of local importance may be determined. Rather, the state forum must be one that has

7

specialized technical oversight or concentrated review of the claims arising under the state administrative scheme at issue. *Int'l College of Surgeons v. City of Chicago*, 153 F.3d 356, 364 (7th Cir. 1998). In *Burford*, the state forum was a single district court established by the Texas Legislature for the specific purpose of reviewing the state Railroad Commission's orders. *Burford,* 319 U.S. at 325. Maine, by contrast, provides for judicial review of municipal zoning decisions by any state superior court under 30-A M.R.S.A. § 2691 and does not concentrate that review in a specific court "as part of an effort to endow that court with the specialized knowledge necessary to deal with cases arising" under local ordinances. Even though zoning issues are undoubtedly of great importance to local communities, the existence of Rule 80B as the procedural mechanism for an aggrieved party to obtain judicial review of a zoning decision in a state court of general jurisdiction does not support *Burford* abstention.[3]

In support of its abstention argument, Cape Elizabeth cites extensively to *Huffmire*, 35 F. Supp. 2d 122, in which the plaintiffs filed identical lawsuits in federal and state court challenging the denial by the Boothbay Zoning Board of Appeals of their application for a permit that would allow them to display artwork for sale at their home. The court determined that although it had diversity jurisdiction to entertain the plaintiffs' complaint, *Burford* abstention was appropriate, observing that a "parallel federal proceeding conducting a review of the administrative decision could in a very real sense . . . disrupt the regulatory scheme," *id.* at 133 (internal quotations omitted), and that "[r]eview in [federal court] would result in a duplicative

---

[3] I need not, and therefore, do not decide the question of whether 30-A M.R.S.A. § 2691 controls the standard of review to be applied by a federal court exercising supplemental federal jurisdiction.

8

federal regulatory review proceeding when one is available and has been requested under the state's regulatory review scheme in state court." *Id.*

Here, unlike in *Huffmire*, review has not been sought in state court so there is no danger of parallel proceedings and duplicative review. In addition, *Huffmire*, dealt with a zoning question that bore no relation to federal law (specifically, the application of a municipality's shoreland zoning standards in relation to traffic and safety concerns). *Id.* at 125. Here, the zoning issue is partially preempted by, and bears a close connection to, federal law. Count II of the complaint challenges the Town's interpretation of the zoning ordinance's "co-location" provision which is similar to the requirements of the Spectrum Act. ECF No. 11 at 2. Because the Spectrum Act partially preempts local permitting authority in the area of telecommunications regulation, municipal regulation of wireless facilities is not a uniquely local issue. 47 U.S.C.A. § 1455(a)(1). *See also, City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 115-16 (2005) (recognizing that the Telecommunications Act of 1996 "imposes specific limitations on the traditional authority of state and local governments to regulate the location, construction and modification of such facilities.").[4] Unlike *Huffmire*, the exercise of federal supplemental jurisdiction over Verizon's state-law claim will not find the court immersed in a policy-laden, state-law issue affecting a significant local interest.

---

[4] Under the Spectrum Act, a municipality "may not deny, and shall approve, any eligible facilities request for a modification of an existing wireless tower or base station that does not substantially change the physical dimensions of such tower or base station." 47 U.S.C.A. § 1455(a)(1). A modification of an existing wireless tower or base includes "colocation of new transmission equipment." 47 U.S.C.A. § 1455(a)(2)(A). This federal requirement preempts any conflicting provision of Cape Elizabeth's zoning ordinance.

## III. CONCLUSION

For the reasons stated above, Cape Elizabeth's Motion for Partial Dismissal or for Abstention is **DENIED**.

**SO ORDERED.**

/s/ Jon D. Levy
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of February, 2015